IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 12-cv-0044-MJR-SCW |
| | ) |
| $304,980 IN U.S. CURRENCY, | ) |
| ONE 2006 PETERBILT SEMI TRACTOR | ) |
| TRAILER, MODEL 379…, AND ONE | ) |
| SEMI TRAILER MODEL SE …., WITH | ) |
| ALL ACCESSORIES, ATTACHMENTS, | ) |
| AND COMPONENTS THEREON, | ) |
| | ) |
| Defendant. | ) |

MEMORANDUM AND ORDER

REAGAN, District Judge:

This *in rem* civil forfeiture action filed January 13, 2012 under 21 U.S.C. § 881(a) is directed against property discovered and seized during a traffic stop of a tractor-trailer on Interstate 70 in Madison County, Illinois on August 26, 2011. The Government claims that the $304,980 in currency (and the tractor-trailer rig used to transport it) constitute property furnished or intended to be furnished in exchange for a controlled substance, property traceable to such an exchange, or property used to facilitate a violation of 21 U.S.C. § 801, et seq. The currency was deposited in the asset forfeiture fund, U.S. Treasury Account at the Federal Reserve Bank in St. Louis, Missouri, awaiting disposition of this case.

On January 19, 2012, Plaintiff United States of America ("the Government") issued a Direct Notice of Civil Judicial Forfeiture, advising that any person claiming an interest in the Defendant property must file a claim pursuant to Rule G(5) of the Supplemental Rules for Certain Admiralty and Marine Claims and Asset Forfeiture Actions, no later than March 9, 2012. The notice further explained: (a) an answer or motion under Rule 12 must be filed within 20 days after the filing of the

claim; (b) the claim must state the claimant's interest in the property; and (c) the claim must be signed under penalty of perjury. On February 8, 2012, two individuals – Randy Davis and Delores Davis – filed "Claimants' Answer to Complaint for Forfeiture" (Doc. 8). That document was verified (signed under penalty of perjury) by Randy Davis and e-filed by an attorney representing both Randy and Delores Davis (*see* Docs. 8-1 and 9). Randy Davis and Delores Davis separately filed claims to the property as "lawful owners of all the property listed above" (referencing the currency and the tractor-trailer and its attachments)(*see* Doc. 10).

The day after Randy and Delores Davis (Claimants) filed their pleadings, the undersigned Judge verified subject matter jurisdiction, tracked the case, and assigned a trial date. Seven months passed. In September 2012, Claimants filed a motion to suppress evidence (Doc. 15), and the Government filed two voluminous requests to admit -- both of which were filed under seal, Docs. 13 and 14, due to inclusion of personal identifier information." Claimants then moved to stay discovery until the undersigned Judge resolves the suppression motion. Magistrate Judge Stephen C. Williams granted the request to stay discovery on September 21, 2012.

Claimants' suppression motion ripened with the filing of a reply brief October 30, 2012. The Court now sets a hearing on the suppression motion at the first available slot on the docket – **10:30 am on Wednesday, December 19, 2012.** Ninety minutes has been allotted for this hearing on the docket; counsel should plan accordingly.

Three other matters require the Court's immediate attention in this case. First, the Government yesterday filed a "Motion to Strike Claims and for Judgment on the Pleadings or, in the alternative, Motion for Summary Judgment" (Doc. 24). That motion was accompanied by a sealed memorandum of law and exhibits totaling 311 pages, filed under seal. The Government has filed multiple pleadings in this case without first requesting and obtaining leave of Court to do so. In civil

cases in this District, motions and other pleadings are *not* to be filed under seal without litigants/counsel securing leave of Court.

Seventh Circuit law plainly provides that sealing any part of a case's record requires a court determination that good cause to do so exists. *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, **178 F.3d 943, 944 (7th Cir. 1999).** Generally, when facts are vital to claims made in litigation, those facts must be revealed. *Baxter Int'l, Inc. v. Abbott Labs.*, **297 F.3d 544, 547 (7th Cir. 2002).** The public's strong interest in the publicity of judicial proceedings can only be trumped when the information sought to be sealed meets "the definition of trade secret or other categories of bona fide long-term confidentiality." *Bond v. Utreras*, **585 F.3d 1061, 1075 (7th Cir. 2009).**

Here, the record is unclear as to why the entirety of the bulky submissions needed to be filed (or needs to remain) under seal. Due to the unique nature of this civil forfeiture proceeding, the Court – to date – has permitted these sealed filings. Henceforth, however, **no motion or pleading may be filed herein without counsel first filing a motion seeking leave to file the particular document under seal.**

Second, the Government's October 31, 2012 motion to strike, for judgment on pleadings, and/or summary judgment comes too late. It was filed just 68 days prior to trial, and the procedures of this Court indicate that dispositive motions must be filed no later than 100 days prior to the first day of trial. That cutoff is usually reflected in a specific dispositive motion deadline contained in the Scheduling and Discovery Order entered in each civil case. No such Order was entered herein, so the Court will not strike the Government's eleventh-hour dispositive motion. Instead, the Court **CLARIFIES** that the deadline for filing dispositive motions has elapsed herein and **SETS** the following briefing schedule on the Motion to Strike, for Judgment on the Pleadings, and/or for Summary Judgment (Doc. 24).

- Claimants shall file their memorandum opposing Doc. 24 no later than **December 3, 2012**.

- The Government may file a reply brief no longer than 5 pages total by **December 17, 2012**.

Third, the Court necessarily must adjust the final pretrial conference and trial dates to accommodate the dispositive motion filed by the Government. The bench trial is hereby continued to **9:00 am on Monday, April 8, 2013.** A final pretrial conference will be held at **10:00 am on Friday, March 22, 2013** before the undersigned Judge.

Finally, counsel are reminded that discovery related matters are handled by the Magistrate Judge assigned to the case, the Honorable Stephen C. Williams. Counsel have omitted (and in the future shall include) Judge Williams' initials in the caption/style of the case on all filings (i.e., Case Number 12-cv-0044-MJR-**SCW**).

IT IS SO ORDERED.

DATED November 1, 2012.

s/ *Michael J. Reagan*
Michael J. Reagan
United States District Judge
